# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSHUA HETLAND | : |
| | : |
|     *Plaintiff*, | : |
| | : |
| v. | :     No.: 3:22-cv-00954 |
| | : |
| 155 TEMPLE STREET, LLC | : |
| | : |
|     *Defendant*. | : |

## NOTICE OF REMOVAL

    The defendant, 155 Temple Street, LLC[1] ("Defendant"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files its Notice of Removal to remove this action, which was filed in the Superior Court for the State of Connecticut, Judicial District of New Haven at New Haven, to the United States District Court for the District of Connecticut. As addressed below, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the parties, and it is plain from the face of the Complaint that the plaintiff, Joshua Hetland ("Plaintiff"), demands more than $75,000, exclusive of interest and costs, for his alleged injury. In further support of this Removal, Defendant states as follows:

## INTRODUCTION

    1.    Plaintiff initiated this action by filing his Complaint in the Superior Court for the State of Connecticut, Judicial District of New Haven at New Haven. The state court action was assigned Civil Action No. NNH-CV-22-6124712-S.

    2.    Plaintiff's Complaint alleges personal injuries from an alleged slip and fall on a flight of stairs at 900 Chapel Street, New Haven Connecticut on July 3, 2020. (Compl. ¶¶ 5-6.)

---

[1] The proper identification for Defendant is "155 Temple Street, LC".

## GROUNDS FOR REMOVAL

I.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

    A.     <u>Removal is timely and the amount in controversy exceeds $75,000.</u>

    3.     Removal is timely pursuant to 28 U.S.C. 1446(b) because Defendant's Notice of Removal was made within thirty (30) days of service of the Summons and Complaint upon the Defendant. Defendant was served on June 28, 2022.

    4.     The amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

    5.     The Complaint fails to demand a sum Plaintiff is seeking. However, pursuant to 28 U.S.C. §1446 (c)(2)(A), Defendant states the amount in controversy exceeds the sum of $75,000 as Plaintiff has alleged that as a result of the incident, he suffered the following injuries, "some or all of which are or may be permanent in nature":

    a) Injury to the neck, consisting of a cervical sprain/strain;

    b) Injury to the low back; consisting of an acute lumbar sprain/strain;

    c) Injury to the left leg, consisting of pain in the left knee and leg;

    d) injury to the left shoulder, consisting of pain; and

    e) Injury to the right arm, consisting of a right wrist sprain and medical epicondylitis of the right elbow.

(Compl. ¶ 9.) Additionally, Plaintiff alleges he "incurred expenses for prescriptions, physicians' services, medical supplies, physiotherapy end hospitalization" and "has lost earnings from, his employment, his earning capacity has been impaired and will continue to be impaired in the

future". (Compl. ¶¶ 10-11.) Further, Plaintiff claims that he "was unable, and remains unable, to participate in and enjoy his usual activities." (Compl. ¶ 12.)

6. Although Defendant denies that Plaintiff is entitled to any award of damages, the Court should infer from Plaintiff's purported damages, including her alleged potential permanent injuries, and past, present and future claims for damages, that he is seeking recovery in an amount in excess of this Court's jurisdictional minimum. Plaintiff's allegations weigh heavily in favor of finding the Complaint states an amount in controversy in excess of $75,000.00.[2] *See e.g., Viens v. Wal-Mart Stores,* Civ. No. 3:96cv02602(AHN), 1997 U.S. Dist. LEXIS 24029, at *1 (D. Conn. 1997) (concluding that the combination of the victim's lost wage claim and her lumbar spine injury claim established that there was a reasonable probability that the amount in controversy exceeds the jurisdictional minimum); *Duchesne v. Am. Airlines, Inc.,* 758 F.2d 27, 28-30 (1st Cir. 1985) (holding that ten months of dizziness and headaches supported claim in excess of $ 10,000 in 1984 dollars despite "negligible" medical expenses); *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 221 (D.N.H. 2004); ("Evans's claims for her own alleged Hepatitis A and the loss of consortium and emotional distress…could be valued at $ 75,000 or more); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, 692 F. Supp. 2d 1025, 1040 (S.D. Ill. 2010) ("Given the severe and ongoing nature of the injuries alleged, the Court finds that it is plausible and supported by the preponderance of the evidence that the amount in controversy has been established."); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064-65 (11th Cir. 2010) (concluding

---

[2] However, if the amount in controversy is not facially apparent from the Complaint, Defendant requests leave to conduct limited discovery with respect to damages so that it may demonstrate the amount in controversy is satisfied. A removing defendant need only show that it is "more likely than not" that the amount in controversy exceeds $75,000. *Gafford v. Gen. Elec. Co*., 997 F.2d 150, 158 (6th Cir. 1993), abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77, 91 (2010); *See also, e.g., Shannon v. Albertelli Firm, P.C.*, No. 4:13-CV-0265-HLM, 2014 U.S. Dist. LEXIS 185636, at *14 (N.D. Ga. Jan. 21, 2014) (noting in some cases the defendant may need to provide additional evidence demonstrating removal is proper. (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010))).

that when the value of the plaintiff's claims were analyzed with judicial experience and common sense, the amount in controversy likely exceeded the $75,000); *Carr v. Halloway*, Civil Action No. 5:09-cv-327 (HL), 2010 U.S. Dist. LEXIS 104878, at *8-9 (M.D. Ga. Oct. 1, 2010) (finding that, based on the Court's judicial experience and common sense, the plaintiff's claim likely would result in a pain and suffering award that would bring Plaintiff's case in excess of 75,000.00 even though plaintiff did not assign dollar figures to the amount of his claimed damages for pain and suffering); *Gebbia v. Wal-Mart Stores, Inc.,* 233 F. 3d 880, 882 (5th Cir. 2000) (internal citations omitted) (holding that the amount in controversy was facially apparent from the pleadings where the plaintiff sought damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, as well as permanent disability and disfigurement); *Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 2d 62, 65 (D.R.I. 2002) ("The fact that Gabrielle and Rollins each allege that they are still disabled almost two years after the incident and that their disabilities will continue indefinitely into the future weighs heavily in favor of a finding that the Complaints demonstrate that the amount in controversy reasonably exceeds $ 75,000.00."); *Yocham v. Novartis Pharms. Corp*., No. 07-1810 (JBS), 2007 U.S. Dist. LEXIS 58938, 2007 WL 2318493, at *3 (D.N.J. Aug. 13, 2007) ("[I]t appears from the face of the Complaint that the amount in controversy exceeds $75,000" where the plaintiff alleged a skin condition which resulted in hospitalization at a burn unit and seeking "compensatory damages for 'past, present, and future pain and suffering,' lost earnings, past and future medical expenses and punitive damage."). In sum, Plaintiff's allegations in his Complaint make clear that his claim for damages satisfies the jurisdictional requirements of 28 U.S.C. § 1332(a).

B. <u>There is complete diversity among the parties.</u>

7. Upon information and belief, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Plaintiff was and still is a resident, citizen and domicile of New Haven, Connecticut.

8. For purposes of diversity of citizenship, "the citizenship of an LLC is determined by the citizenship of its members. And as with partnerships, where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that the citizenship of a limited-liability company is determined by the citizenship of its members); *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members.").

9. At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, 155 Temple Street, LLC was and still is a limited liability company jointly owned by Omni New Haven Corporation and Cordish Holdings, LLC. (*See* Affidavit of Timothy D. Smith ("Smith Aff."), attached hereto as "**Exhibit A**", at ¶ 2.)

10. For purposes of diversity of citizenship, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1).

11. At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Omni New Haven Corporation was and still is a Delaware corporation with its principal places of business in Dallas, Texas. (Smith Aff. ¶ 3.)

12. At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Cordish Holdings, LLC was and still is a limited liability company with the following members:

- Glenn Weinberg
- Charles Jacobs
- Community Development Holdings, LLC
- Cordish Family I, LLC
- Cordish Enterprises, LLLP

(Smith Aff. ¶ 4.)

13. Upon information and belief, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Glenn Weinberg and Charles Jacobs were and still are residents, citizens and domiciles of Texas and Maryland, respectively. (Smith Aff. ¶ 5.)

14. Upon information and belief, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Community Development Holdings, LLC was and still is a limited liability company with the following member: The Joseph S Weinberg Revocable Trust May, 2017. (Smith Aff. ¶ 6.)

15. With respect to the citizenship of a traditional trust, "the trustee is a real party to the controversy for purposes of diversity jurisdiction." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464, 100 S. Ct. 1779, 1783 (1980); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 194 L. Ed. 2d 71 (2016) (distinguishing traditional trusts establishing only fiduciary relationships and having no legal identity distinct from their trustees, from the variety of

unincorporated artificial entities to which states have applied the "trust" label, but which have little in common with traditional trusts). "[L]egal proceedings involving such traditional trusts are effectively brought by or against their trustees and, thus, it is the trustees' citizenship, not that of beneficiaries, that matters for purposes of diversity. *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 722 (2d Cir. 2017).

16. Upon information and belief, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, The Joseph S Weinberg Revocable Trust May, 2017 was and still is a traditional trust with Glenn Weinberg as trustee. (Smith Aff. ¶ 7.)

17. Upon information and belief, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Cordish Family I, LLC was and still is a limited liability company with the following member: The Cordish Family Grantor Trust of 2009. (Smith Aff. ¶ 8.)

18. Upon information and belief, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, The Cordish Family Grantor Trust of 2009 was and still is a traditional trust with the following members: Jonathan Cordish, Trustee, and Alaska Trust Company. (Smith Aff. ¶ 9.)

19. Upon information and belief, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Jonathan Cordish was and still is a resident, citizen and domicile of Maryland. (Smith Aff. ¶ 10.)

20. Upon information and belief, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Alaska Trust Company

was and still is an Alaska corporation with its principal place of business in Anchorage, Alaska. (Smith Aff. ¶ 11.)

21. "The citizenship of artificial legal entities other than corporations--which include, inter alia, limited liability companies and limited partnerships--is not determined by reference to § 1332(c)(1) because they have neither a 'principal place of business' nor any state of incorporation. Instead they take the citizenship of all of their members." *Samantha Szewczyk, PPA v. Wal-Mart Stores, Inc.*, No. 3:09cv1449 (JBA), 2009 U.S. Dist. LEXIS 96781, at *6 (D. Conn. Oct. 19, 2009) (citing *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990)); *NIPMUC Props., LLC v. PDC-El Paso Meriden, LLC*, Civil Action No. 3:01CV2081(CFD), 2002 U.S. Dist. LEXIS 13611, at *5 (D. Conn. June 25, 2002) ("a limited partnership has the citizenship of all of its members for the purpose of establishing diversity jurisdiction").

22. Upon information and belief, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Cordish Enterprises, LLLP was and still is a limited liability limited partnership with the following members: Jonathan Cordish, Melissa Cordish, Blake Cordish and Reed Cordish. (Smith Aff. ¶ 12.)

23. Upon information and belief, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Melissa Cordish, Blake Cordish and Reed Cordish were and still are residents, citizens and domiciles of Maryland. (Smith Aff. ¶ 13.)

24. Thus, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Defendant was and still is a citizen of Alaska, Delaware, Maryland, and Texas.

25. Accordingly, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, there was and still is complete diversity among the parties, and removal is proper under 28 U.S.C. §1332(a).

C. <u>Venue and other requirements are satisfied.</u>

26. This Court has jurisdiction of this action by reason of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a) and 1441(b). United States District Court for the District of Connecticut includes Superior Court for the State of Connecticut, Judicial District of New Haven at New Haven in which this action is pending. *See* 28 USCS § 86.  Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. §1441(a).

27. Defendant is not a citizen of the State of Connecticut, the state where this action was brought. *See* 28 U.S.C. § 1441(b)(2).

28. As counsel for the sole defendant, the undersigned hereby certifies that all defendants who have been properly joined and served join in and consent to the removal of this action.

29. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of all process, pleadings, and orders served upon Defendant in the original state court action as of this date are attached hereto as "**Exhibit B**".

30. Pursuant to 28 U.S.C. § 1446(d), Defendant filed a written notice of removal with the state court in which this action is pending, a copy (without exhibits) of which is attached hereto as "**Exhibit C**". A copy of this Notice of Removal is being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

31. By filing this Notice of Removal, Defendant does not waive any defenses, including without limitation, failure to state a claim, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

32. If any question arises regarding the propriety of the removal of this action, Omni respectfully requests the opportunity to present a memorandum and oral argument in support of the position that this case is removable and conduct discovery related to the facts that support removal.

WHEREFORE, the Defendant respectfully requests to remove this Action to United States District Court for the District of Connecticut.

Respectfully Submitted,

155 TEMPLE STREET, LLC

/s/ Lori Wirkus
Lori A. Wirkus, Esq., Juris No.: 416883
Lwirkus@flynnwirkus.com
Flynn Wirkus Young, P.C.
350 Granite Street, Suite 1204
Braintree, MA 02184
(617) 773-5500 Phone
(617) 773-5510 Fax

SETLIFF LAW, PC

C. Stephen Setliff, *pro hac application to follow removal*
Eli Jason S. Mackey, *pro hac application to follow removal*
4940 Dominion Boulevard
Glen Allen, Virginia 23060
Telephone: (804) 377-1261
Facsimile: (804) 377-1281
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of July 2022, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing upon all parties of record to this cause by electronic notification (NEF) to the CM/ECF participating attorneys. To the extent the attorneys for the parties are not yet participating in the CM/ECF system, the foregoing document was duly served by mailing a copy to the following attorneys of record not yet participating in the CM/ECF system, in accordance with the provisions of Rule 5, Federal Rules of Civil Procedure:

Joseph L. Gillis, Esq.
Gillis & Gillis, P.C.
265 Church Street, Ste. 203
New Haven, CT 06510
(203) 562-5104
amym@gillislawfirm.com

/s/ Lori A. Wirkus
Lori A. Wirkus , Esq.